# Exhibit A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

JOANNE CANNIZZARO ]
10002 Stonington Circle ]
Woodway, TX 76712 ]
 ]
 ]
      Plaintiff, ]
v. ] Civil Action No. 0005383-06
 ]
ELI LILLY AND COMPANY ]
Lilly Corporate Center ]
Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]
Washington, DC 20005 ]
 ]
    and ]
 ]
BRISTOL-MYERS SQUIBB COMPANY ]
a successor of E.R. SQUIBB & SONS, INC. ]
P.O. Box 4500 ]
Princeton, NJ 08543 ]
    w/s/o   CT CORPORATION ]
    1025 Vermont Avenue, N.W. ]
    Washington, D.C. 20005 ]
 ]
    and ]
 ]
PHARMACIA and UPJOHN COMPANY ]
(aka THE UPJOHN COMPANY) ]
100 Route 206 North ]
Peapack, NJ 07977 ]
    w/s/o   CT CORPORATION ]
    1025 Vermont Avenue, N.W. ]
    Washington, D.C. 20005 ]
 ]
    and ]
 ]



RECEIVED
Civil Clerk's Office
JUL 1 4 2006
Superior Court of the
District of Columbia
Washington, D.C.

Baerger-MS

1

DART INDUSTRIES, INC. a successor to ]
REXALL DRUG COMPANY, INC. ]
w/s/o:  Sheila AnnMarie Moeller, Esq. ]
       Gilbride, Tusa, Last & Spellane LLC ]
       31 Brookside Drive ]
       Greenwich, CT  06836 ]

     and ]

GLAXOSMITHKLINE, INC., ]
a successor to S. E. Massengill and ]
Burroughs-Wellcome Co, ]
1500 K Street, NW ]
Washington, DC  20036 ]

     and ]

PREMO PHARMACEUTICAL ]
  LABORATORIES, INC. ]
w/s/o Corporation Trust Co. ]
820 Bear Tavern Road ]
West Trenton, NJ  08628 ]

     and ]

PERSON & COVEY, INC ]
616 Allen Avenue ]
Glendale, CA 91221 ]

     and ]

MERCK & COMPANY, INC. ]
P.O. Box 4 ]
West Point, PA 19486 ]
w/s/o CT CORPORATION ]
1025 Vermont Avenue, NW ]
Washington, DC  20036 ]

     and ]

ABBOTT LABORATORIES, INC. ]
100 Abbott Park Road ]
Abbott Park, IL 60064 ]
w/s/o CT CORPORATION ]
1025 Vermont Avenue, NW ]
Washington, DC  20036 ]

     and ]

Baerger-MS

2

```
ELAN PHARMACEUTICALS,                    ]
A successor to CARNRICK                  ]
LABORATORIES, INC.,                      ]
w/s/o   CT Corporation                   ]
        1025 Vermont Avenue, NW          ]
        Washington, DC 20005             ]
                                         ]
        and                              ]
                                         ]
ORTHO MCNEIL LABS, INC.                  ]
Camp Hill Road                           ]
Ft. Washington, PA 19034                 ]
                                         ]
                Defendants,              ]
```

## COMPLAINT
### (DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3. On or about 1958, during her pregnancy with Joanne Cannizzaro, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in New York. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of New York.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, uterine and cervical malformations, ectopic pregnancies, infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

Baerger-MS                               3

5. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendants are engaged or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10. Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV

### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians, did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as

Baerger-MS

6

safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Joanne Cannizzaro, individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00) in compensatory damages, and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

Baerger-MS

7

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

SUBURBAN PS DC

19 JAN 2005

CERTIFIED MAIL

7005 1820 0004 0071 9516

LAW OFFICES
**AARON M. LEVINE & ASSOCIATES**
SUITE 500
1320 19TH STREET, N.W.
WASHINGTON, D.C. 20036

TO: Eli Lilly & Co.
w/s/o National registered Agents, Inc.
1090 Vermont Avenue, NW
Washington, DC 20005

# *NATIONAL REGISTERED AGENTS, INC.*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: MICHAEL J. HARRINGTON
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

M. J. HARRINGTON
JUL 2 0 2006

SOP Transmittal # DC10804

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ELI LILLY AND COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of DISTRICT OF COLU on this 19 day of July, 2006. The following is a summary of the document(s) received:

1. **Title of Action:** Joanne Cannizaro Vs. Eli Lilly and Company

2. **Document(s) served:**

   **X** Summons       __ Subpoena              __ Injunction
   **X** Complaint     __ Third Party Complaint __ Notice of
   __ Petition         __ Demand for Jury Trial __ Mechanics Lien
   __ Garnishment      __ Default Judgement     __ Other:

3. **Court of Jurisdiction/** Superior Court of the District of Columbia Civil Division
   **Case & Docket Number:** 2006 CA 005383 B

4. **Amount Claimed, if any:** $2000000.00

5. **Method of Service** (select one):
   __ Personally served by:     __ Process Server    __ Deputy Sheriff    __ U. S Marshall
   **X** Delivered Via:          **X** Certified Mail __ Regular Mail      __ Facsimile
                                 (Envelope enclosed)  (Envelope enclosed)
   __ Other (Explain):

6. **Date and Time of Service:** 7/19/2006 3:46:03 PM EST (GMT -5)

7. **Appearance/Answer Date:** 20 Days

8. **Plaintiff's Attorney:** Aaron Levine
   (Name, Address & Telephone Number)
   1320 19th Street, NW
   Suite 500
   Washington, DC, 20036
   202-833-8040

9. **Federal Express Airbill #** 790996037988

10. **Call Made to:** Not required

11. **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.

Transmitted by: John Christel

Copies To: FAX: 3172766221
MICHAEL J. HARRINGTON
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

JOANNE CANNIZZARO

                                         *Plaintiff*

vs.                                               Civil Action No.

ELI LILLY AND COMPANY

                                       *Defendant*

0005383-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC  20036

(202) 833-8040
Telephone



By _____
         Deputy Clerk

Date  7-14-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-451/Mar. 93    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOANNE CANNIZARO
Vs.
ELI LILLY AND COMPANY

C.A. No.   2006 CA 005383 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  July 14, 2006
Initial Conference: 9:30 am, Friday, October 13, 2006
Location:  Courtroom 220
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc