UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JOANNE CANNIZZARO, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY, <u>et al</u>., )<br>)<br>   Defendants. ) | Civil Action No. 1:06cv01349<br><br>Judge John D. Bates |

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

  Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

  1. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and therefore Dart denies those averments.

  2. In response to the averments contained in paragraph 2 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has

done business in the District of Columbia.  Except as specifically admitted, Dart denies the averments contained in paragraph 2 of the Complaint.

    3.    In response to the averments contained in paragraph 3 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it advertised DES and Dart denies the remaining averments contained in the third sentence of paragraph 5 of the Complaint.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Complaint and therefore Dart denies those averments.

    4.    Dart denies the averments contained in paragraphs 4 and 5 of the Complaint.

    5.    In response to the averments contained in paragraph 6 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 5.

    6.    Dart denies the averments contained in paragraph 7 of the Complaint.

    7.    In response to the averments contained in paragraph 8 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active

chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 8 of the Complaint.

8. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint and therefore Dart denies those averments.

9. Dart denies the averments contained in paragraphs 10 through 13 of the Complaint.

10. In response to the averments contained in paragraph 14 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 13.

11. Dart denies the averments contained in paragraphs 15 through 18 of the Complaint.

12. In response to the averments contained in paragraph 19 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 18.

13. Dart denies the averments contained in paragraphs 20 through 24 of the Complaint.

14. All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## **AS AND FOR AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

15. Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

17. If the causes of action asserted in plaintiff's Complaint state claims upon which relief can be granted, plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

## FOURTH AFFIRMATIVE DEFENSE

18. To the extent that plaintiff asserts claims of fraud, plaintiff has failed to state a cause of action in that plaintiff asserts mere allegations and fails to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the plaintiff by this answering defendant at the time the mother of the plaintiff allegedly used the drug referred to in the Complaint or by the reason of the doctrine of <u>en ventre sa mere</u> and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

20. The plaintiff has been unable to identify this defendant as the defendant causing the alleged injuries, and therefore has failed to state a cause of action against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

21. Any damages, injuries or losses that may have been sustained by the plaintiff, as alleged in the Complaint, were sustained only after the mother of the plaintiff knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

### EIGHTH AFFIRMATIVE DEFENSE

22. Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused by the negligence of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

23. Plaintiff is barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff during her pregnancy with the plaintiff, the use of said drug was responsible for the birth of the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

24. If the plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

### ELEVENTH AFFIRMATIVE DEFENSE

25. If in fact the mother of the plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose

and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

### TWELFTH AFFIRMATIVE DEFENSE

26. With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiff and this defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

27. With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

### FOURTEENTH AFFIRMATIVE DEFENSE

28. The causes of action asserted herein by the plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, <u>inter alia</u>, plaintiff has asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

29. The causes of action asserted by the plaintiff herein, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, <u>inter alia</u>, plaintiff has asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking

would contravene this defendant's constitutional rights under the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

30. The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted, in that, <u>inter alia</u>, plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

31. The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted in that, <u>inter alia</u>, plaintiff has asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

32. If in fact plaintiff's Complaint is held to contain a cause of action upon which relief could be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiff, or her agents, or persons other than this answering defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

33. The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of

witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

### TWENTIETH AFFIRMATIVE DEFENSE

34. Plaintiff's demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

35. Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

                              DART INDUSTRIES, INC.

                              By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By:   /s/ John F. Anderson
       John F. Anderson
       DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360