IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE CANNIZZARO, </br></br> *Plaintiff,* </br></br> v. </br></br> ELI LILLY AND COMPANY, *et al.*, </br></br> *Defendants.* | Case No. 1:06CV01349 </br> Judge John D. Bates |

## DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL, INC.'S ANSWER TO COMPLAINT

Defendant Ortho-McNeil Pharmaceutical, Inc. ("Ortho"), (incorrectly sued herein as "Ortho-McNeil Labs, Inc.") by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Joanne Cannizzaro's Complaint as follows:

1. Ortho denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2. Ortho admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Ortho is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Ortho. To the extent that the allegations in Paragraph 2 are directed to other defendants, Ortho is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

## COUNT I
### (Negligence)

3.  Ortho admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA. Ortho denies that it "acted in concert" as alleged. Ortho is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.  Ortho denies the allegations in Paragraph 4.

5.  Ortho denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.  Ortho incorporates by reference its answers to the allegations in Count I.

7.  Ortho denies the allegations in Paragraph 7.

8.  Ortho denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.  Ortho is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10. Ortho denies the allegations in Paragraph 10.

11. Ortho denies the allegations in Paragraph 11.

12. Ortho denies the allegations in Paragraph 12.

13. Ortho denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14. Ortho incorporates by reference its answers to the allegations in Counts I and II.

15. Ortho admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Ortho. To the extent that the allegations in Paragraph 15 are directed to other defendants, Ortho is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16. Ortho denies the allegations in Paragraph 16.

17. Ortho denies the allegations in Paragraph 17.

18. Ortho denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19. Ortho incorporates by reference its answers to the allegations in Counts I, II and III.

20. Ortho denies the allegations in Paragraph 20.

21. Ortho is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22. Ortho denies the allegations in Paragraph 22.

23. Ortho denies the allegations in Paragraph 23.

## COUNT V
### (Punitive Damages)

24.   Ortho denies the allegations in paragraph 24.

By way of further answer, Ortho denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Ortho states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Ortho states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Ortho states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Ortho states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Ortho states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Ortho are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Ortho was not responsible and with whom Ortho has no legal connection.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Ortho.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Ortho adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Merck reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
Michael J. McManus (#262832)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Ortho McNeil Pharmaceutical, Inc. Inc.*

Dated:  August 8, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2006, a copy of the above and foregoing **Defendant Ortho McNeil Pharmaceutical, Inc. Answer to Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

DC\574426\1